UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21575-Civ-GAYLES
MAGISTRATE JUDGE P. A. WHITE

KASULA MABANZA RACHIDI,

    Petitioner,

v.                                    REPORT RECOMMENDING
                                      <u>TRANSFER OF VENUE</u>
JESS SESSIONS, et al.,

    Respondent(s).
_____/

    Petitioner, Kasula Mabanza Rachidi, has filed a <u>pro se</u> petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). He claims his continued detention violates his substantive and procedural due process rights. He seeks an order from this court granting him release and supervision until his deportation is effectuated.

    This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. §2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. <u>See also</u> 28 U.S.C. §2243 (providing that a §2241 petition can be dismissed unless it appears from the application that the person detained is not entitled to the relief requested.

A writ of habeas corpus must be filed pursuant to 28 U.S.C. §2241 when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction. United States v. Addonizio, 442 U.S. 178, 185-88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); United States v. Allen, 124 Fed.Appx. 719, 721 (3rd Cir.2005) ("[t]he exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. §2241").

In general, a §2241 petition for habeas corpus relief must be filed in the district court in which a petitioner is incarcerated. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); United States v. Plain, 748 F.2d 620, 621 (11th Cir. 1984); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978). Since Petitioner is challenging his physical confinement, there is no reason to deviate from the traditional habeas rule as explained in Padilla. 542 U.S. at 435-40, 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

The petitioner has brought this §2241 action in the wrong venue. He filed the instant petition while confined in the Folkston Processing Center in Folkston, Georgia. The facility where petitioner is currently confined lies in the Southern District of Georgia. His immediate custodian is thus the custodian of that facility.

Accordingly, the Southern District of Georgia is the appropriate federal district court that should entertain the instant petition challenging his continued ICE detention. See Baldwin v. Fla. Dep't of Corr's, 318 Fed.Appx. 737, 738 (11th Cir. 2008); see also, e.g., Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)("A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration.").

To the extent that the petitioner seeks to challenge his final order of removal, and not his continued detention, he is cautioned that jurisdiction over final removal orders is vested with the court of appeals. See 8 U.S.C. §1252(a)(5). A petition for review filed with the appropriate court of appeals is now an alien's exclusive means of review of a removal order. Alexandre v. U.S. Att'y Gen'l, 452 F.3d 1204, 1206 (11th Cir. 2006); Madu v. U.S. Att'y Gen'l, 470 F.3d 1362, 1366 (11th Cir. 2006). Under these circumstances, this §2241 habeas petition should be dismissed for lack of jurisdiction.

Further, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. §2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve

encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has not made the requisite showing in these circumstances, and is therefore not entitled to a certificate of appealability. However, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Because Petitioner is not detained within the jurisdiction of the Southern District of Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case should be transferred to the Southern District of Georgia. Generally, when a "§2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). This case should be transferred to the United States District Court for the Southern District of Georgia, which encompasses Folkston, Georgia, where the Petitioner is housed. After transfer, the issue of the filing fee may be addressed as appropriate by that court.

It is therefore recommended that the instant federal habeas petition be transferred to the United States District Court for the Southern District of Georgia, the federal district court where the petitioner is currently confined in ICE custody, for all further

proceedings, including addressing the issue of the filing fee.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 1st day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kasula Mabanza Rachidi, Pro Se
Alien #209-385-897
Krome Processing Center
18201 S.W. 12 Street
Miami, FL 33194

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov